### STEMPLE et al. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. February 16, 1923.)

#### No. 2065.

1. Criminal law ⬤⟶763, 764(8)—Instruction requiring conviction if defendants had knowledge putting man of ordinary intelligence on inquiry held error.

An instruction requiring conviction if the jury were satisfied that defendants knowingly had possession of stolen articles, or had "knowledge that would put a man of ordinary intelligence on inquiry," *held* error; it being for the jury to say whether the requisite knowledge existed.

2. Receiving stolen goods ⬤⟶8(3)—Jury may infer knowledge that goods had been stolen from circumstances convincing man of ordinary intelligence.

The jury may infer knowledge that goods had been stolen from circumstances that would convince a man of ordinary intelligence that the goods had been stolen.

⬤⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Northern District of West Virginia, at Elkins; William E. Baker, Judge.

Camden A. Stemple and another were convicted of receiving stolen goods, and they bring error. Reversed.

William T. George, of Phillippi, W. Va., for plaintiffs in error.

W. C. Grimes, Asst. U. S. Atty., of Keyser, W. Va. (T. A. Brown, U. S. Atty., of Parkersburg, W. Va., on the brief), for the United States.

Before WOODS and ROSE, Circuit Judges, and McCLINTIC, District Judge.

ROSE, Circuit Judge. The plaintiffs in error were defendants below and will be so styled herein. They were tried upon an indictment containing 10 counts, by some of which they were charged with having broken the seals of railroad cars containing interstate shipments of freight with intent to commit larceny therein, and in others of which, it was alleged that they had stolen certain articles out of such freight and there were still others which accused them of having possession of some of the articles so stolen, "both then and there knowing the same to have been stolen." Upon two of the last class of counts they were found guilty, and they were acquitted on all the others.

[1] The only assignment of error we think it necessary to consider is a part of the charge of the learned judge below in which he told the jury that they should convict if they were satisfied beyond a reasonable doubt that the defendants had in their possession the stolen articles, knowing the same to have been stolen, "or having knowledge that would put a man of ordinary intelligence upon inquiry."

[2] The statute makes the knowledge that the goods had been stolen, an element of the offense. That knowledge the jury may, it is true, infer from the circumstances, and if the latter, as known to the accused are such as would convince any man of ordinary intelligence that they were stolen, they may well find that he did know it. Huggins v. People, 135 Ill. 243, 25 N. E. 1002, 25 Am. St. Rep. 357; Collins v. State, 33 Ala. 434, 73 Am. Dec. 426; Commonwealth v. Finn, 108 Mass. 466.

But that is quite a different thing from finding him guilty, not because the jury believes from all the evidence that he did know, but because the circumstances as known to him were so out of common that any ordinarily intelligent man would naturally be moved to make further inquiries concerning them. State v. Rountree, 80 S. C. 387, 61 S. E. 1072, 22 L. R. A. (N. S.) 833; 2 Wharton's Criminal Law (11th Ed.) 1446; Bishop's New Criminal Procedure, § 991.

Put in another way, the jury is entitled to infer guilty knowledge, if the facts were such as would put a man of ordinary intelligence upon inquiry; but they are not required to do so. It is for them to say, under all the circumstances, whether such knowledge in fact existed.

In the instant case, it is not possible to say that the error was merely academic. The story the defendants told of the way in which they received the goods was such as should have put a person of ordinary

intelligence upon inquiry. Upon the whole evidence, if the jury had seen fit to convict upon the counts charging the actual larceny, they might well have done so. The fact was, however, that they did acquit the defendants of the theft, and it is quite possible that they supposed the accused were without guilty knowledge that the goods were stolen, and convicted them merely because, under the instructions of the court, they felt constrained so to do.

It follows that the judgment below must be reversed, and the case remanded for a new trial.

Reversed.