### SELLERS v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. May 23, 1924.)

No. 2238.

1. **Criminal law** ⊙⟹1170(2)—**Exclusion of evidence to prove fact otherwise shown not prejudicial.**

Exclusion of evidence offered to prove a fact otherwise shown and admitted by the prosecution is not prejudicial.

2. **Receiving stolen goods** ⊙⟹8(4)—**Possession of goods recently stolen raises presumption of guilty knowledge.**

Possession of goods recently stolen raises a presumption of knowledge by the person in possession that the goods were stolen.

3. **Receiving stolen goods** ⊙⟹9(2)—**Instruction as to knowledge held correct.**

In a prosecution for having possession of stolen goods, an instruction that, if the jury found the circumstances were such as to produce in the mind of a man of ordinary prudence a belief that the goods were stolen goods, they might consider that fact in determining whether or not defendant actually knew they were stolen, *held* correct.

In Error to the District Court of the United States for the Eastern District of South Carolina, at Charleston; Ernest F. Cochran, Judge.

Criminal prosecution by the United States against W. H. Sellers. Judgment of conviction, and defendant brings error. Affirmed.

William S. Nelson, of Columbia, S. C. (Thomas P. Stoney, of Charleston, S. C., and Claud N. Sapp and Nelson & Mullins, all of Columbia, S. C., on the brief), for plaintiff in error.

J. D. E. Meyer, U. S. Atty., of Charleston, S. C. (Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C., on the brief), for the United States.

Before WOODS, WADDILL, and ROSE, Circuit Judges.

WOODS, Circuit Judge. The first count of the indictment charged the defendant with theft of a large quantity of cigarettes in interstate shipment; the second count, with being in possession of the goods knowing them to be stolen. The verdict acquitted the defendant on the first count, and convicted him on the second.

In executing a search warrant officers found in defendant's barn at the rear of his residence 11 cases of Chesterfield 20's and one case of Piedmont 20's, from all of which the names of the consignees and factory order numbers had been cut. The government introduced evidence tending to identify them as the cigarettes stolen from an interstate shipment.

The defendant testified that the goods were honestly acquired by purchase from other merchants. The testimony offered in support of his defense was to this effect: Defendant was engaged in the wholesale grocery and drug specialty business in Columbia, doing a large business in cigarettes. He had made unsuccessful efforts to get on the jobbers' list of the tobacco manufacturers, which would have enabled him to buy direct from manufacturers, instead of through the wholesalers and jobbers in Columbia. As he did not wish to advertise the business of competitors, he had ordered the names of the dealers cut from the cigarettes he bought locally. He did not know anything about a factory order number on each case, and had given no instructions that that also was to be clipped. His place of business had been broken into and robbed of quantities of cigarettes on a number of occasions, and a theft policy had been canceled because of the insecure condition of his warehouse. He therefore had kept his surplus supply of cigarettes in his barn for a number of years. He bought from jobbers in Columbia over $20,000 worth of cigarettes during the previous year, but in April, 1923, these jobbers cut their discount for credit business, and in order to secure a discount he had lately been in the habit of buying mostly for cash. No record or invoices were kept of cash purchases. Some of the cigarettes seized by the officers had been in the barn for 90 days or longer. He produced invoices, but could show the purchase of only four cases of Chesterfield 20's during June and July, 1923. He could not say from what particular merchant or merchants he had bought the cigarettes in evidence.

The officers who made the search testified that the only cigarettes found in defendant's barn were Chesterfield 20's and Piedmont 20's. At the store they noticed many other kinds and varieties of cigarettes, and particularly that the names of the consignees had not been cut from the cases. An employee of Liggett & Myers Tobacco Company testified that he could tell by a special identification mark the date on which each carton of cigarettes was packed by his company. Examining all the Chesterfield 20's in evidence, he stated they were packed at Durham, N. C., on June 4, 1923.

[1] Error is assigned in the exclusion of letters written to defendant, showing that he had attempted to get on the jobbers' list so that he could purchase direct from manufacturers, but could not because there was no vacancy when the letters were written. When objecting to the letters the United States attorney offered to admit that defendant had tried to get on the jobbers' list and had not been able to do so, and the defendant testified he had been trying since 1920 to get on the list. The fact that would have been proved by the letters having thus been placed before the jury by the testimony of defendant and the admission of the government, there was no prejudice to the defendant in excluding the letters.

[2] The jury were instructed that possession of goods recently stolen raises the presumption of knowledge by the person in possession that the goods were recently stolen. Every proposition of law given as an instruction to the jury must be considered in the light of the facts of the case. Therefore the possession referred to in the charge was the undenied possession of stolen goods under the circumstances proved in this case. These circumstances were: Discovery in defendant's barn of marked cases of cigarettes definitely identified as a portion recently stolen of an interstate shipment, with factory order numbers and consignees' names cut off. These were the only cigarettes in the barn, although many other kinds and varieties were at the store with consignees' names unclipped. Defendant testified that these cigarettes had been in his barn for 90 days or longer, whereas the conclusive proof was that they were packed in Durham, N. C., by the manufacturer, only 6 weeks before the date of seizure under search warrant. Possession under these circumstances furnished a presumption—that is, prima facie proof—of the guilty knowledge of the defendant. Hence it follows that the instruction that possession of goods recently stolen, unexplained, raises the presumption of guilty possession, as applied to this case was not erroneous. Aside from that, however, the Supreme Court of the United States and this court have recognized as sound the general proposition that possession of goods recently stolen raises the presumption of guilty knowledge. Wilson v. United States, 162 U. S. 613, 16 Sup. Ct. 895, 40 L. Ed. 1090; Barton v. United States (C. C. A.) 267 Fed. 174.

[3] The District Judge charged the jury many times that they could not convict the defendant unless they believed beyond a reasonable doubt that he knew the goods were stolen. The jury were instructed that, if they found the circumstances were such as to produce in the mind of a man of ordinary prudence belief that they were stolen goods, they might consider that fact in deciding whether the defendant actually knew the goods were stolen. This was a correct statement of the law. Stemple v. United States (4th Cir.) 287 Fed. 132.

Affirmed.