## NAKUTIN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. May 21, 1925. Rehearing Denied September 28, 1925.)

No. 3545.

1. **Criminal law** ⬤—371(2)—**Evidence of finding other stolen property in accused's place of business than that involved in prosecution held admissible.**

In prosecution for possession of stolen property, part of interstate shipment, testimony of witness that he had sworn out and signed search warrant, and went with officers to accused's place of business in search of stolen property, which was not part of interstate shipment, and that such property was found, together with property which was part of interstate shipment, *held* admissible, in exception to rule against proof of extraneous offenses.

2. **Receiving stolen goods** ⬤—8(3)—**Evidence held sufficient to show that property found in accused's place of business was stolen from interstate shipment.**

In prosecution for having possession of stolen property, part of interstate shipment, evidence showing consignment of hosiery of same make as found in accused's place of business, when delivered, was one case short, and which identified case in defendant's possession as part of shipment, *held* sufficient to show property was stolen.

3. **Receiving stolen goods** ⬤—8(4)—**Evidence held sufficient to show knowledge on part of accused that property was stolen.**

In prosecution for possession of stolen property, part of interstate shipment, evidence of contradictory statements by accused as to where he got property, attempts at concealment, and sale price *held* sufficient to show knowledge that it was stolen.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Ralph Nakutin, alias Ralph Natkin, was convicted of having possession of property, part of interstate shipment, knowing it to have been stolen, and he brings error. Affirmed.

Jacob Levy, of Chicago, Ill., for plaintiff in error.

Edward J. Hess, of Chicago, Ill., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Plaintiff in error (called defendant) was convicted of having possession of "Onyx" and "Concordia" hosiery, parts of two interstate shipments, knowing it to have been stolen. The "Onyx" and "Concordia" hosiery was found in defendant's place of business by police officers and others looking, under a search warrant, for "As You Like It" hosiery, which was no part of an interstate shipment, nor was it in any way related to the hosiery in question here.

[1] A witness, present when the search was made, was, over objection, permitted by the court to testify that he was manager for Beatum & Co., whose place had been robbed, that he had sworn out and signed the search warrant, and that he and the officers went to defendant's place of business in search of, and found, "As You Like It" hosiery which had been stolen. There was no error in the admission of that evidence. Walsh v. United States, 174 F. 615, 98 C. C. A. 461; Bottomley v. United States, 3 Fed. Cas. 968, No. 1,688; Lincoln v. Claflin, 7 Wall. 132, 138, 19 L. Ed. 106; King v. Wylie, 4 Bosanquet & P. 91, 92; Irving et al. v. Motly, 7 Bingham, 543, 548; Sapir v. United States, 174 F. 219, 221, 98 C. C. A. 227; N. Y. Mutual Life Ins. Co. v. Armstrong, 117 U. S. 591, 599, 6 S. Ct. 877, 29 L. Ed. 997; Castle v. Bullard, 64 U. S. (23 How.) 172, 187, 16 L. Ed. 424. It should be noted that the cases state an exception to the general rule that evidence of other transactions is not admissible.

[2] The only other objection urged is that there was no evidence to show that the hosiery was stolen, or that defendant knew it was stolen. The evidence showed a shipment of "Concordia" hosiery from Philadelphia to Bullocks, Incorporated, a department store in Los Angeles, Cal., on June 27, 1924, and that on their arrival, July 13, 1924, one case was missing. Part of that shipment was positively identified in defendant's possession on July 10th, three days before the car carrying the shipment arrived in Los Angeles.

[3] As to defendant's knowledge that the hosiery was stolen, there was evidence before the jury showing contradictory statements by defendant as to where he got the hosiery, and of attempts at concealment of parts of the hosiery; that he bought it for one-half the wholesale price, and sold it at retail for a price that yielded him a good profit, and yet that was far below the wholesale price; that he had large quantities of new goods in the original packages from three different, but recent, thefts. From this and other evidence there was clearly a question for the jury.

The judgment is affirmed.