## SHUMAN v. UNITED STATES. *

(Circuit Court of Appeals, Fifth Circuit. January 3, 1927.)

No. 4799.

1. **Criminal law** ⟨key⟩419, 420(2)—Testimony that alleged thief told officer what he did with property held admissible, in prosecution for receiving it; substance of statement not being shown.

In prosecution for unlawfully and knowingly receiving and concealing certain government property, testimony of witness who was alleged to have stolen the property that after arrest he told government officer what he had done with it *held* properly admitted; the substance of the statement to the officer not being shown.

2. **Criminal law** ⟨key⟩1186(4)—Instruction in prosecution for unlawfully receiving government property held harmless error in view of statute (Judicial Code, § 269, as amended by Act Cong. Feb. 26, 1919 [Comp. St. § 1246]).

In prosecution for unlawfully receiving and concealing government · property, instruction that government was not bound to prove that defendant was told in so many words that the property bought by him was stolen, if surrounding circumstances were sufficient to indicate to a reasonably prudent man that the property in all probability was stolen, *held* not reversible error, in view of Judicial Code, § 269, as amended by Act Cong. Feb. 26, 1919 (Comp. St. § 1246), though possibly construable as statement that government was not required to prove defendant's knowledge that property was stolen beyond a reasonable doubt.

*Rehearing denied February 10, 1927.

**3. Criminal law ⬤⟶1186(4)—In view of statute plaintiff in error has burden of proving prejudicial error from whole record (Judicial Code, § 269, as amended by Act Cong. Feb. 26, 1919 [Comp. St. § 1246]).**

Judicial Code, § 269, as amended by Act Cong. Feb. 26, 1919 (Comp. St. § 1246), requiring court, after hearing on appeal, certiorari, writ of error, or motion for new trial, to give judgment without regard to technical errors, imposes on plaintiff in error burden of proving prejudicial error from whole record.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Alexander Shuman was convicted of unlawfully and knowingly receiving and concealing government property, and he brings error. Affirmed.

Chandler C. Luzenberg, of New Orleans, La., for plaintiff in error.

Wayne G. Borah, U. S. Atty., and E. E. Talbot, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, hereafter called defendant, was convicted on an indictment charging him with unlawfully and knowingly receiving and concealing certain government property, to wit, ten brass hub propeller nuts, which had theretofore been stolen from the United States by two named persons.

[1] In the course of the trial one of those named as having stolen the property was offered as a witness by the government, and after testifying that he had been arrested by a government officer, Osborne, was asked the question:

"Did you tell Mr. Osborne what you did with the nuts?"

This was objected to by defendant, on the ground that the statement was made outside the presence of the accused. The objection was overruled, and error is assigned to the admission of the witness' answer. The court instructed the witness that he need not say what he told Mr. Osborne, but might say if he told him what he did with the nuts, to which he answered:

"I told him afterwards."

It is quite evident that the assignment is without merit.

[2] At the conclusion of the case the government requested the following instruction, which was given over the objection of defendant:

"As a matter of law the government is not bound to prove that defendant was told in so many words that the property bought by him was stolen property; but, if the facts and circumstances surrounding the purchase by him are of a suspicious nature, and are sufficient to indicate to a reasonably prudent man that the property in all probability was stolen property, then the proof of the government of guilty knowledge is sufficient."

Error is assigned to the giving of this instruction. It is contended by defendant that this charge had the effect of telling the jury that it was not necessary for the government to prove beyond reasonable doubt that the defendant had knowledge that the property was stolen, and left it to them to infer that defendant's guilt might be established by a preponderance of the evidence. On the other hand, the government contends that the charge merely went to the extent of telling the jury that the defendant's knowledge that the articles were stolen could be shown by circumstantial evidence, and that it was not necessary to prove that knowledge by direct evidence.

Neither the charge of the court nor the evidence, except as above indicated, is before us. It is extremely difficult to determine, from an isolated instruction given without reference to the context of the general charge, what effect it might have had upon the jury. It would have been better if counsel for the government had left it to the trial court to charge the law in his own language, and there is much to be said in favor of the construction placed upon the charge by the defendant. However, it is also susceptible of the construction contended for by the government, and it is doubtful that it had any prejudicial effect.

Section 269 Judicial Code, as amended by the Act of February 26, 1919 (Comp. St. § 1246), provides as follows:

"On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties."

[3] It has been held that this statute casts the burden upon the plaintiff in error, in either a civil or criminal case, of showing prejudicial error from the whole record. Haywood v. U. S. (C. C. A.) 268 F. 795; Simpson v. U. S. (C. C. A.) 289 F. 188; Rich v. U. S. (C. C. A.) 271 F. 566; Horning v. Dist. of Columbia, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185.

We conclude that the giving of the special instruction, if error, was purely formal, and not prejudicial.

Affirmed.