## LEVI v. UNITED STATES.
### No. 7284.

Circuit Court of Appeals, Fifth Circuit.
June 14, 1934.

Rehearing Denied July 18, 1934.

W. T. Murphree, of Gadsden, Ala., and Oliver D. Street, of Birmingham, Ala., for appellant.

Jim C. Smith, U. S. Atty., of Birmingham, Ala.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

This is a prosecution under the National Motor Vehicle Theft Act (18 USCA § 408). The defendant Levi was convicted upon four counts of the indictment, each of which charged him with receiving in interstate commerce a stolen automobile with knowledge that it had been stolen, and received a general sentence of two years in the penitentiary. He appeals, and contends that the trial court erred (1) in overruling a demurrer to the indictment and the several counts thereof; (2) in rulings upon the evidence during the course of the trial; and (3) in denying his motion for a directed verdict.

The indictment closely follows the language of the statute. A typical count charges that he "did * * * unlawfully, knowingly and feloniously receive, * * * a certain motor vehicle [describing it], which said motor vehicle was moving as, and which was a part of and which constituted interstate commerce, that is to say, having been transported from Dallas, in the State of Georgia to or near Gadsden in the State of Alabama, * * * [and] had theretofore been stolen at Dallas, Georgia, and the said Irving Levi * * * then and there well knowing the same to have been so stolen; contrary to the form of the statute," etc. The acts alleged as offenses were committed in the years 1929, 1930, and 1931. During that time Levi was engaged in the business of buying and selling secondhand automobiles, and also was a dealer in junk and coal. In 1928 he became acquainted with Hudson, and a year or two later with Swords, from each of whom he bought quite a number of used automobiles. He says Hudson and Swords told him they were bootleggers and were selling him automobiles for the purpose of escaping detection. John McClain was employed at Levi's place of business, and it was one of the duties of his employment to ap-

354

praise automobiles brought there for sale, but Levi personally paid for such of them as were bought. The automobile described in the count of the indictment above quoted from was a Ford car which was stolen in Dallas, Ga., and purchased in Gadsden, Ala., by McClain for Levi, and resold at a profit of more than $175; all within four days. Another Ford car was stolen in Atlanta and purchased in Gadsden from Hudson by McClain for Levi and resold at a profit of $175, all within a period of five days. The automobiles described in the other two counts upon which convictions were had, one stolen in Georgia and the other in Tennessee, were handled in much the same way, although the evidence does not disclose from whom Levi purchased them or how long it was after they were stolen before he received them. The original motor number on each of those four automobiles had been defaced and changed before Levi sold them. Officers engaged in a search for stolen automobiles interviewed Levi and asked him to give them such information as he had or as his records or books of account contained concerning automobiles which he had sold, and the names of the purchasers. Levi agreed to furnish them with this information, but never did so, at least so far as the sales here involved are concerned. At the trial he testified that he did not know to whom they were sold and that he kept no records of such sales. He was asked by his counsel what kind of records he kept of his junk and coal business; but an objection to these questions was sustained. Exception was duly taken, but no offer was made to indicate what the answer would be or what was intended to be proven. There were many other objections to questions and answers, but it would be a useless task to state or discuss them, since in our opinion they were all disposed of in accordance with thoroughly well established rules of evidence. Nor is it worth while to consider in detail exceptions to charges given and requested but refused. The distinguished trial judge submitted the simple issues to the jury in an exhaustive, correct, and impartial charge, which contained the substance of such of defendant's requests as were proper.

 The indictment is good enough. Grimsley v. United States (C. C. A.) 50 F.(2d) 509. Error is not well assigned on the objection to the question relating to what kind of records defendant kept in his junk and coal business, because it is not made to appear what testimony was expected of the witness. For all that appears, the defendant was not injured by the ruling complained of. Error without injury furnishes no ground for reversal. We have no occasion to decide whether or not the question was proper. Two grounds are urged in support of defendant's motion for the peremptory instruction. The first is that the evidence was insufficient to show he knew, at the time he received them, that the automobiles had theretofore been stolen. Possession of goods recently stolen justifies the inference that the possessor has guilty knowledge of the theft, in the absence of explanatory facts or circumstances consistent with his innocence. Wilson v. United States, 162 U. S. 613, 16 S. Ct. 895, 40 L. Ed. 1090; Niederluecke v. United States (C. C. A.) 47 F.(2d) 888. The defendant bought automobiles with altered motor numbers at prices apparently much below their market value from persons who he understood were engaged in law violations without making any inquiry at all, so far as appears, as to ownership, and, without keeping any record, at considerable profit to himself sold them to persons whose names he failed to reveal to officers seeking to trace stolen automobiles. He offered little or no explanation of his possession of the stolen property. Under these circumstances, surely it was for the jury to say whether such explanation as he gave was true or false. The second ground of the motion is no better than the first. An article once placed in interstate commerce continues therein at least until it reaches the point of destination. Illinois Central R. R. Co. v. De Fuentes, 236 U. S. 157, 35 S. Ct. 275, 59 L. Ed. 517. It was open to the jury to find that Hudson had brought two of the stolen cars into Alabama from other states, either under an agreement with Levi or with the intention of continuing his interstate journey until he was able to sell them. That the jury did find that there was such an agreement or intention is apparent from their verdict; and so we must assume that the stolen automobiles here under consideration had not come to rest in Alabama but were still being used in interstate commerce at the time they were received by the defendant. Farris v. United States (C. C. A.) 5 F.(2d) 961. It is unnecessary to consider any except the two counts of the indictment to which we have made special reference; for the sentence is less than could have been imposed under them.

Error is not made to appear by any of the assignments.

The judgment is affirmed.