## JANOW v. UNITED STATES.
### No. 10843.

Circuit Court of Appeals, Fifth Circuit.

April 11, 1944.

Louis S. Joel and P. Guy Crews, both of Jacksonville, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Damon G. Yerkes, Asst. U. S. Atty., of Jacksonville, Fla., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

This is an appeal by Sam Janow from convictions upon two indictments which were consolidated for trial. The first indictment, No. 7034, is in two counts, each charging Janow and one John Franklin Croom with having unlawfully received and having in their possession certain described cigarettes "well knowing said goods and chattels to have been stolen," and that the cigarettes had been a part of a described interstate shipment of freight moving from Atlanta, Georgia to Jacksonville, Florida.

The second indictment, No. 7053, charges Janow, Croom, and a third defendant, Leroy Thomas, with having conspired to commit the offense of stealing, taking, carrying away, buying, receiving and having in their possession certain goods and chattels which had been stolen from interstate shipments "with knowledge on the part of each of them that said goods and chattels had been stolen."

Leroy Thomas pleaded guilty to the conspiracy indictment and thereafter testified for the Government against Janow and Croom. Both Croom and Janow were convicted. Thomas was sentenced to serve two years in a penal institution. Croom, also convicted on both indictments, was sentenced to a year and a day in each, and his sentences were suspended by the court. Janow was sentenced to a year and a day on the substantive indictment and his sentence was suspended, but on the conspiracy indictment he also was sentenced to serve a year and a day in a penal institution.

The pertinent facts: Leroy Thomas and Ike Cigar were employees of the K & L Transportation Company of Jacksonville, Florida; this company was engaged in transporting goods and chattels for hire in interstate commerce; Thomas and Cigar, with intent to steal, removed from interstate commerce shipments, at different times, cases of cigarettes, the same being described as "Old Gold" and "Lucky Strike" cigarettes, and they were delivered to Croom, who claimed to be a divine healer and lived across the street from the store of Sam Janow; Sam Janow would furnish Croom the money with which to purchase the cigarettes and after they were purchased from Thomas, Croom would store them in his house, and from time to time as he needed them for sale Janow would remove them across the street to his store; the cigarettes were purchased at about one-third of their market value.

R. A. Strickland, a plain clothes police officer, went to the house of Croom searching for stolen liquors and was permitted by Croom to search his house. Upon finding the cigarettes he questioned Croom as to the ownership, and was informed that they belonged to Janow; he thereupon crossed the street and invited Janow to go with him to where the cigarettes were located; after they arrived at Croom's house and the cigarettes were pointed out, Janow admitted that they belonged to him. When Janow testified he denied emphatically that he had

ever purchased cigarettes from either Croom or Thomas; he further denied going to Croom's house or furnishing him money with which to purchase cigarettes, and he further denied having removed them from Croom's house to his store from time to time, although one or more cigarette containers were found in his possession, which were like the ones found in Croom's house.

 The oral charge of the court submitted to the jury every issue fully and fairly. There was no reversible error committed in the giving and refusal of written charges. A jury may infer knowledge that goods had been stolen from circumstances. Stemple v. United States, 4 Cir., 287 F. 132.

 Possession of goods recently stolen justifies inference that possessor has guilty knowledge of theft, in absence of explanatory facts and circumstances consistent with his innocence. Levi v. United States, 5 Cir., 71 F.2d 353; Nakutin v. United States, 7 Cir., 8 F.2d 491; Husten v. United States, 8 Cir., 95 F.2d 168; Rosen v. United States, 2 Cir., 271 F. 651; Shuman v. United States, 5 Cir., 16 F.2d 457.

We find no reversible error in the record and the judgment is affirmed.