**YIELDING et al. v. UNITED STATES.**

No. 12439.

United States Court of Appeals
Fifth Circuit.

March 8, 1949.

Floyd W. Cunningham, of Booneville, Miss., for appellants.

Chester L. Sumners, U. S. Atty., of Oxford, Miss., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

Appellants were indicted jointly with one Robert Yielding, Junior Yielding, Elbert Clanton, and Albert Brewer Clayton, for alleged violations of Title 18 U.S.C.A. §§ 408, 409, and 415 [now §§ 659, 660, 2117, 2311–2314]. The indictment contained six counts, and charged them with having received, transported, and sold certain automobiles which were being moved in interstate commerce, knowing them to have been stolen.

Upon arraignment, each of the defendants entered pleas of not guilty to all counts of the indictment. The defendant, Albert Clayton, later withdrew his plea of not guilty to Count 1, and plead guilty thereto, and upon recommendation of the United States Attorney the remaining counts as to him were dismissed. The Court sustained motions for judgments of acquittal of all defendants under Count 3 and part of Count 6 of the indictment, granted a motion for acquittal of the defendant, Junior Yielding, under all six counts of the indictment, and gave judgment of acquittal for the defendant, Truman Gaddis, under all counts of the indictment except Count 2. A jury thereafter returned a verdict of guilty as to the defendants, Robert and Mildred Yielding, under Counts 2, 4 and 5 of the indictment, a verdict of guilty as to the defendant Gaddis under Count 2 only, and a general verdict of not guilty as to the defendant, Clanton. The defendants, Robert and Mildred Yielding, were thereupon sentenced to serve a term of three years each in the penitentiary, and the defendant, Gaddis, was sentenced to the penitentiary for eighteen months.

Insofar as they are pertinent to this appeal, Counts 2, 4, and 5 of the indictment specifically charged defendants with buying, receiving, and having in their possession the described automobiles knowing them to have been stolen from interstate commerce; transporting said automobiles in interstate commerce from Hamilton, Alabama, to Itawamba County, Mississippi, knowing them to have been stolen; and receiving, concealing, selling and disposing of the said automobiles knowing them to have been stolen and moved in interstate commerce, in violation of Title 18 U.S.C.A. §§ 408 and 409 [now §§ 659, 660, 2117, 2311–2313].

This action has been abated as to the defendant, Robert Yielding, because of his death during the pendency of this appeal. We are therefore concerned with only those errors assigned at the trial on behalf of the defendants, Mildred Yielding and Truman Gaddis.

No good purpose can be served by detailing the evidence at length. We consider it sufficient to observe that, as for Mildred Yielding, the evidence shows conclusively that both she and her husband, Robert Yielding, were fully aware at the time the

offense was committed that the driver of the Dealers Transport Company truck, Clayton, had no right or authority whatever to sell the four new Ford automobiles, but was merely delivering them for his company as an interstate shipment of the Ford Motor Company. It was further shown that the illegal sale was consummated across the Alabama state line after dark, and in the seclusion of a country churchyard by Mildred Yielding herself; that according to the government witness, Clayton, she paid considerably less for them than their fair market value, and only about half the price he had agreed to take for them; that she was informed that they were "hot", or stolen cars, because Clayton showed her and her husband the invoices covering their shipment, which plainly revealed that the new automobiles were intended for an automobile dealer in Chattanooga; that after purchasing the stolen vehicles, the Yieldings, with certain other defendants, hid two of them off the highway, and delivered the other two cars to the defendant, Gaddis, at his home some miles distant and only a few hours after their purchase. As for Gaddis, the testimony reveals that he had previously reached an agreement with Robert Yielding to buy the entire load of new Ford cars as soon as Clayton delivered them, although he was notified that no bills of sale or tags could be furnished; that he was awakened about midnight on the evening the cars were delivered, and accepted them without tags or inquiring from whence they came, or asking for any papers on them whatever; that he secreted one of the new automobiles in the nearby state of Alabama the very next day, and bought a tag for the other one in Mississippi by filling out a false application relative to its purchase; and that he, shortly afterwards, drove one of the cars to Texas and sold it, later selling two others, including one later purchased, at Lawrenceburg, Tennessee, at an auction where no papers were required.

We are of opinion there is abundant evidence in the record which points unerringly to the guilt of both appellants.

It is well settled that possession of recently stolen goods casts upon those holding them the burden of explaining their possession, and a jury may infer guilty knowledge of the theft, in the absence of explanatory facts and circumstances consistent with innocence. Janow v. U. S., 5 Cir., 141 F.2d 1017; Levi v. U. S., 5 Cir., 71 F.2d 353; Shuman v. U. S., 5 Cir., 16 F.2d 457. In any event, as for the appellant Yielding, since each count under which she was convicted provides for a sentence of five years and she received a general sentence of only three years, the sentence imposed under any defective count would still be referable to the good counts, any one of which would be sufficient to sustain her conviction. Levi v. U. S., 5 Cir., 71 F.2d 353. As for the appellant, Gaddis, the evidence is sufficient beyond a reasonable doubt to sustain his conviction under Count 2 of the indictment alone. Janow v. U. S., 5 Cir., 141 F.2d 1017; Nakutin v. U. S., 7 Cir., 8 F.2d 491; Husten v. U. S., 8 Cir., 95 F.2d 168.

So far as these appellants are concerned, there is no merit in the contention that the automobiles were not actually stolen from interstate commerce The evidence here conclusively shows that the vehicles in question were stolen and converted by appellants with knowledge that they constituted an interstate shipment in the process of being transported to their destination. Their offense is thus clearly within the purview of the statute. Title 18 U.S.C.A. §§ 408 and 409; United States v. De Normand, 2 Cir., 149 F.2d 622; United States v. Handler, 2 Cir., 142 F.2d 351; United States v. Hefler, 2 Cir., 159 F.2d 831.

There was no error in the action of the trial court in overruling the motion for a new trial on the ground of alleged newly discovered evidence. Gage v. U. S., 9 Cir., 167 F.2d 122; Cf. Martin v. U. S., 5 Cir., 17 F.2d 973; United States v. Johnson, 327 U.S. 106, 66 S.Ct. 464, 90 L.Ed. 562.

We find no reversible error in the record, and the judgment is accordingly affirmed.