**MELSON v. UNITED STATES.**
**No. 6664.**

United States Court of Appeals
Fourth Circuit.
Argued Oct. 7, 1953.
Decided Oct. 8, 1953.

Louis B. Fine, Norfolk, Va. (Robert E. Gibson, South Norfolk, Va., on brief), for appellant.

John M. Hollis, Asst. U. S. Atty., Norfolk, Va. (L. S. Parsons, Jr., U. S. Atty., Norfolk, Va., on brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

## PER CURIAM.

The defendant was indicted for violating 18 U.S.C. § 659 for having in his possession, knowing that they had been stolen, 400 cases of eggs which had been stolen while moving in interstate commerce. He waived a jury trial and was found guilty by the District Judge and sentenced to two years' imprisonment.

The sole question on this appeal is whether the evidence was sufficient to sustain the verdict. It may be summarized as follows: The eggs were stolen by one William A. Britt, a young man connected with the defendant by marriage. They had been consigned for transportation from Illinois to the United States Marine Base at Quantico, Virginia, but were transported by Britt in a truck owned by him to a grocery store operated by the defendant, a man fifty-one years of age, at Hickory in Norfolk County, Virginia. The wholesale price of eggs of the kind contained in the cartons in December, 1952, when they were brought to the defendant's place, was 50 to 65¢ per dozen wholesale and 69 to 80¢ retail. Britt requested the defendant to help sell the eggs and the defendant consented. The eggs were then removed from Britt's truck and peddled by the defendant and by Britt in separate cars in the neighborhood and were sold at 40¢ per dozen wholesale and 50¢ per dozen retail. Before the crates containing the eggs were placed in the cars for sale the words "Inspected and Passed U. S. Army", which had been placed upon the end of the cartons, were painted over with black paint so as to be illegible. The painting was done by Britt and by others with the knowledge and consent of the defendant. The defendant admitted participating in the disposition of the eggs but denied that he knew that they were stolen. He had operated the grocery store for twenty years and had never been previously arrested.

It is obvious that these circumstances, particularly the low price at which the eggs were sold by the defendant and his associate, and the obliteration of marks of ownership from the cartons, were such as to justify the inference that the defendant had knowledge that the goods had been stolen. It is well settled that knowledge that goods have been stolen may be inferred from circumstances that would convince a man of ordinary intelligence that this is the fact. Stemple v. United States, 4 Cir., 287 F. 132; Sellers v. United States, 4 Cir., 299 F. 258; United States v. Werner, 2 Cir., 160 F.2d 438.

Affirmed.