**UNITED STATES of America**
v.
**Eugene James ALLEGRUCCI.**
**Cr. No. 12849.**

United States District Court.
M. D. Pennsylvania.
Nov. 27, 1957.

Robert J. Hourigan, U. S. Atty., Scranton, Pa., for plaintiff.

Joseph P. Brennan, Scranton, Pa., for defendant.

JOHN W. MURPHY, Chief Judge.

■ Defendant, convicted by a jury of violating 18 U.S.C.A. § 659 (2 counts), moves for judgment of acquittal and for a new trial. Applying the usual test, see United States v. Stoehr, D.C., 100 F. Supp. 143, at page 149, affirmed 3 Cir., 196 F.2d 276, 33 A.L.R.2d 836, there was sufficient competent credible evidence to warrant finding that defendant had in his possession, knowing the same to have been stolen, one (1) Bell and Howell Movie Projector, value $489.33, two (2) Rolleicord Cameras, value $142.-70, said articles having been placed in interstate commerce in New York, consigned to West Virginia, Florida and Texas respectively, having been stolen from the Railway Express Agency Inc., platform in New York City. Inter alia, the government proved the shipments in interstate commerce, non-receipt thereof by the consignees, and possession shortly thereafter by the defendant. A statement by defendant to the FBI denying possession was refuted by showing sales thereof by defendant substantially below the market price. See United States v. Katz, D.C., 78 F.Supp. 435, at page 438, affirmed 3 Cir., 173 F.2d 116, and see 20 Am.Jur. § 284, p. 270. As to knowledge, see United States v. Werner, 2 Cir. 1947, 160 F.2d 438, at page 441; time elapsing, Drew v. United States, 2 Cir., 1928, 27 F.2d 715, at page 716; measure of proof, Rosen v. United States, 2 Cir., 1920, 271 F. 651, at page 655; Najjar v. United States, 5 Cir., 1946, 152 F.2d 965; Nakutin v. United States, 7 Cir., 1925, 8 F.2d 491, at page 492.

■ Defendant did not testify or offer any evidence in his behalf. "It is well settled that possession of recently stolen goods casts upon those holding them the burden of explaining their possession, and a jury may infer guilty knowledge of the theft, in the absence of explanatory facts and circumstances consistent with innocence." Yielding v. United States, 5 Cir., 1949, 173 F.2d 46, at page 48. As to the presumption, see Drew v. United States, supra; United States v. Washington, D.C.Md., 69 F.Supp. 143, at page 148; see and cf. United States v. Werner, supra, 160 F.2d at page 441; United States v. O'Brien, 7 Cir., 1949, 174 F.2d 341, at page 345; Gilbert v. United States, 1954, 94 U.S.App.D.C. 321, 215 F.2d 334, at page 336, cases where defendant offered no explanation.

"Possession of the fruits of crime, recently after its commission, justifies the inference that the possession is guilty possession, and, though only prima facie evidence of guilt, may be of controlling weight, unless explained by the circumstances or accounted for in some way consistent with innocence." Wilson v. United States, 1896, 162 U.S. 613, at page 619, 16 S.Ct. 895, at page 898, 40 L.Ed. 1090.

■ "It is consistent with all the constitutional protections of accused men to throw on them the burden of proving

facts peculiarly within their knowledge and hidden from discovery by the Government." Casey v. United States, 276 U.S. 413, at page 418, 48 S.Ct. 373, at page 374, 72 L.Ed. 632, and see Maynard v. United States, 1954, 94 U.S.App.D.C. 347, 215 F.2d 336, at page 340.

Such a rule does not cause defendant to lose the presumption of innocence that surrounds a defendant in a criminal case. That presumption continues to operate until overcome by proof of guilt beyond a reasonable doubt and is not to be confused with the burden of proof which is a rule affecting merely the time and manner of proof. United States v. Fleischman, 1950, 339 U.S. 349, at page 363, 70 S.Ct. 739, at page 746, 94 L.Ed. 906.

"The point that the practical effect of the statute creating the presumption is to compel the accused person to be a witness against himself may be put aside with slight discussion. The statute compels nothing. It does no more than to make possession of the prohibited article prima facie evidence of guilt. It leaves the accused entirely free to testify or not as he chooses. If the accused happens to be the only repository of the facts necessary to negative the presumption arising from his possession, that is a misfortune which the statute under review does not create but which is inherent in the case. The same situation might present itself if there were no statutory presumption and a prima facie case of concealment with knowledge of unlawful importation were made by the evidence. The necessity of an explanation by the accused would be quite as compelling in that case as in this; but the constraint upon him to give testimony would arise there, as it arises here, simply from the force of circumstances and not from any form of compulsion forbidden by the Constitution." Yee Hem v. United States, 268 U.S. 178, at page 185, 45 S. Ct. 470, at page 472, 69 L.Ed. 904.

As to the permissibility of drawing multiple inferences, see Travelers Ins. Co. v. Warrick, 5 Cir., 1949, 172 F.2d 516, at page 519.

Defendant's motions will be denied.