**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John William SLAUGHTER, Defendant-
Appellant.**

**No. 12232.**

United States Court of Appeals
Seventh Circuit.

May 28, 1958.

David J. Maddox, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and HASTINGS, Circuit Judges.

DUFFY, Chief Judge.

The indictment herein was in four counts. In Count I, two of Slaughter's co-defendants were charged with stealing four Bradley Chain Saws, having a value in excess of $100, from a motor truck trailer in the possession of Taylor Transfer Company, which saws were a part of an interstate shipment of freight. Count II charged four of Slaughter's co-defendants with receiving and having in their possession the saws described in Count I. Count III made the same charge as to co-defendant Cole as to three of the saws. Count IV charged that on September 6, 1957, the defendant Slaughter bought, received and had in his possession three Bradley Chain Saws knowing the same to have been stolen, which goods and chattels had been stolen from a certain motor truck trailer while said goods and chattels were moving as part of an interstate shipment of freight.

Each of Slaughter's co-defendants entered a plea of guilty to the charges in the indictment which referred to them. Defendant Slaughter waived a trial by jury and was tried by the Court which found him guilty of the charge contained in the fourth count. On this appeal, defendant Slaughter questions the sufficiency of the evidence to sustain the judgment of conviction.

After the saws had been stolen, defendants Cole and Tyler placed three of the stolen saws in Cole's automobile and endeavored for over a period of some hours to dispose of same. They were not successful. On Sunday, immediately preceding Labor Day, they stopped at the Slaughter place of business on South State Street, Chicago. Slaughter has resided at this address for twenty years. He operated a trucking-cartage business.

He also sold wood mostly cut into short lengths.

Cole contacted Slaughter. In a private conversation, he informed Slaughter that the saws were worth $135.00 each. After some negotiating, Slaughter purchased the three saws for a total of $100.00. It was stipulated that when the saws were stolen, they were in the course of interstate commerce. The saws were in containers to which were affixed labels indicating their interstate character. The saws were stolen on a Friday night. The sale to Slaughter was on the following Sunday.

The sole question on this appeal is whether the evidence sustained the finding that Slaughter knew the chain saws had been stolen. Such knowledge may be inferred from circumstances that would convince a man of ordinary intelligence that such was the fact. Melson v. United States, 4 Cir., 207 F.2d 558, 559. Of course, the burden was on the Government to prove all elements of the offense beyond a reasonable doubt, but in view of the judgment entered by the trier of the facts, we must here consider the evidence in the light most favorable to the Government. Furthermore, it was not necessary to prove that Slaughter knew that the goods had been stolen from an interstate shipment. United States v. Sherman, 2 Cir., 171 F.2d 619, 623; Kasle v. United States, 6 Cir., 233 F. 878, 882; Loftus v. United States, 7 Cir., 46 F.2d 841, 847.

Although Slaughter protested that he did not know the saws had been stolen, he purchased same from Cole for about one-third of their value; he claimed he knew Cole from around the neighborhood which statement was denied by Cole. He first insisted that he had made a loan to Cole with the saws as security, but the Court had a right to believe the evidence to the contrary. In fact, Slaughter changed his story on this point. Slaughter did not ask for an invoice or a sales slip or inquire how Cole happened to have possession of three unused chain saws.

The statement by this Court in United States v. Williams, 7 Cir., 194 F.2d 72, 77,

is appropriate: "All of these inconsistencies and misstatements considered with the facts which were proved or admitted do not present the picture of men engaged in a legitimate transaction. It is too much to believe that this picture was brought about by coincidence or by innocent errors. The trial judge was clearly justified in finding that both defendants had known that the property was stolen."

In Nakutin v. United States, 7 Cir., 8 F.2d 491, 492, this Court said with reference to contradictory statements by the defendant under a predecessor statute: "As to defendant's knowledge that the hosiery was stolen, there was evidence before the jury showing contradictory statements by defendant as to where he got the hosiery, and of attempts at concealment of parts of the hosiery; that he bought it for one-half the wholesale price, * * * From this and other evidence there was clearly a question for the jury."

██ This is an appropriate case to give effect to the presumption that unexplained possession of stolen property shortly after the theft is sufficient to justify the conclusion by a jury of knowledge by the possessor that the property was stolen. Husten v. United States, 8 Cir., 95 F.2d 168, 170; Drew v. United States, 2 Cir., 27 F.2d 715, 716. In United States v. O'Brien, 7 Cir., 174 F.2d 341, at page 345, this Court said: "Under such circumstances possession of goods so recently stolen is sufficient, in the absence of any conflicting evidence to explain how the goods came into the defendant's possession, to support a finding of the jury that the possessor of such goods knew they had been stolen."

"Possession of the fruits of crime, recently after its commission, justifies the inference that the possession is guilty possession, and, though only *prima facie* evidence of guilt, may be of controlling weight, unless explained by the circumstances or accounted for in some way consistent with innocence." Wilson v. United States, 162 U.S. 613, 619, 16 S.Ct. 895, 898, 40 L.Ed. 1090.

In United States v. New York Great Atlantic & Pacific Tea Co., 7 Cir., 173 F.2d 79, at page 81 we said: "Furthermore, we consider the case here as a whole and not piecemeal. If viewing the evidence as a whole there emerges an overall pattern of guilt as charged, the finding must be sustained."

We think such a pattern is shown by the record before us. The judgment of conviction is

Affirmed.