### UNITED STATES of America, Plaintiff-Appellee,

v.

### Joseph COSENTINO, Defendant-Appellant.

### No. 15769.

United States Court of Appeals Seventh Circuit.

Feb. 1, 1967.

Rehearing Denied March 2, 1967.

Frank Oliver, Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Gerald M. Werksman, Asst. U. S. Atty., Chicago, Ill., for appellee, John Peter Lulinski, Asst. U. S. Atty., of counsel.

Before KNOCH, KILEY and FAIRCHILD, Circuit Judges.

KNOCH, Circuit Judge.

The defendant-appellant, Joseph Cosentino, was charged, along with his co-defendant, Spiro Anost, with possessing goods valued in excess of $100 stolen from interstate commerce, knowing them to have been stolen, in violation of Title 18, U.S.C. § 659.

The basic facts of this case appear in our prior opinion published as United States v. Anost, 7 Cir., 1966, 356 F.2d 413. We reversed the judgment of conviction in that case on the ground that the defendants were not allowed to show facts allegedly made known to them on which they relied to demonstrate that they were in innocent possession of the stolen goods. The defendants were again tried and the appellant was convicted. Spiro Anost was found not guilty.

In both trials the two defendants were represented by the same attorney, Mr. Frank Oliver. In the first trial the defendants had privately retained Mr. Oliver to represent them both. When the

second trial was called, Mr. Oliver informed the Trial Judge that the defendants were mistaken in their statements to the Court that he was their attorney, that neither had so far retained him. A week later both defendants told the Court they intended to speak to Mr. Oliver but needed more time. The Court repeatedly advised that the case must go to trial the following Monday when it had been set, as witnesses were to be brought in from out of town. When a week after that, Mr. Oliver again appeared with the defendants but stated that he had not yet been retained, the Trial Judge offered to appoint counsel for both defendants. Mr. Oliver then advised the Court that it seemed likely he would represent only Mr. Anost. The Court set the trial for the following Monday, warning that this was the last extension, stressing the fact that he would appoint counsel for the appellant if the latter could not afford to retain counsel and cautioning appellant to notify the Court by Wednesday or Thursday so that counsel could be appointed and ready to proceed on the following Monday.

The following Monday, April 4, 1966, Mr. Oliver announced to the Court that he was representing only the appellant and asked for another two weeks' extension before trial. Mr. Anost explained that an anticipated loan to pay Mr. Oliver's retainer had not materialized. At first he declined the Trial Judge's offer to appoint counsel, saying he would like to get his own attorney, but when reminded of the time already allowed, he agreed to accept Court-appointed counsel. The Court appointed Mr. Oliver to represent co-defendant Anost as well as the appellant, "pursuant to the provisions of the Public Defender, the Criminal Justice Act of 1963" noting that he was surely familiar with the case and would "have to go through with the process anyhow. I think the logical thing is to appoint you to represent him [Anost]." The appellant then stated that he would like to have his own attorney, to which the Court replied: "You do, Mr. Cosentino."

The following day, Mr. Oliver suggested that there might be a conflict in that he anticipated a change in the government's theory of the case through the presentation of different government witnesses and that representation of both defendants by the same counsel might cause the jury to "conjoin them in their minds to the detriment of either or both." The Court saw no possibility of conflict and directed trial to proceed. The appellant cites this action as error arguing that his attorney was obliged to decide whether it might or might not prejudice co-defendant Anost's defense if the appellant were put on the witness stand because of certain aspects of the appellant's background. Co-defendant Anost did testify, and testified to the same general effect as the offer of proof made and excluded in the initial trial (356 F.2d 414, 415). Briefly, he told the jury that the appellant was in the trucking business, and that he owned a tractor for pulling trailers, but not a single unit truck such as had been used in the transaction here involved. He testified that he had been hired to assist the appellant in transferring a load from one truck to another, that the appellant told him about some telephone calls from which the appellant learned that a Mr. Howard, unknown to him, wished to transfer a load from a truck in disrepair to another truck (which Mr. Howard would have for the appellant) for delivery to Harry's Auto Parts in Chicago. Co-defendant Anost testified further that the appellant told him of meeting Mr. Howard who directed him to the disabled truck, gave him a key for it, and $50; that he (Anost) had met the appellant at the locale of what proved to be a stolen red truck from which he helped appellant remove what turned out to be stolen merchandise to a white truck (which had been backed up to the red truck) until they were interrupted in this activity by the arrival of Federal Bureau of Investigation Agents.

In effect, co-defendant Anost put before the jury substantially the same evidence as contained in the appellant's of-

fer of proof at the first trial. We cannot agree that the appellant was prejudiced.

 The Court made repeated offers to appoint counsel and repeatedly warned that the case must go to trial. There was a failure to notify the Court in advance that one defendant would require appointment of counsel. No clear indication of conflict was shown to the Court; there was no conflict of interest between the defendants, unlike the situation in Glasser v. United States, 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680 on which the appellant relies. We cannot conclude that the Court's solution of the problem constituted error, nor that it was necessary for the Court to instruct the jury that no connection between the defendants should be assumed from the fact of their joint representation. United States v. Bentvena, 2 Cir., 1963, 319 F.2d 916, 937 and cases there cited, cert. den. Ormento v. United States, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271; United States v. Burkeen, 6 Cir., 1966, 355 F.2d 241, 244 and cases there cited, cert. den. sub nom. Matlock v. United States, 384 U.S. 957, 86 S.Ct. 1582, 16 L.Ed.2d 553.

The appellant also contends that he was a professional trucker, accepting an ostensibly legitimate freighting job through his ordinary and usual business channels and that his mere possession of the freight was insufficient to impute to him knowledge that the freight was previously stolen.

 However, the jury could reasonably impute such knowledge from other evidence. The appellant was seen driving the white truck about noon May 7, 1964, toward a vacant lot where it eventually parked, first maneuvering in the general area, driving up and down residential streets. The jury may not have accepted as an explanation of this odd conduct, the statement included in the co-defendant's testimony that appellate spoke of having difficulty in finding the site of the red truck, which the evidence showed to have been stolen between 11 p.m. May 4 and the morning of May 5, 1964. When the key found on the appellant was inserted in the ignition of the allegedly disabled red truck, its motor started. Only small change was found on the appellant despite his statement, reported by co-defendant Anost, that he had received $50 from the unknown Mr. Howard. The cartons were marked with the address of the Merrill Company in Spencer, Iowa. When cautioned at the time of his arrest, and then asked what he was doing with the stolen merchandise, appellant said "it was tough to answer." This case is clearly distinguished by its facts from Cherry v. United States, 7 Cir., 1935, 78 F.2d 334, on which appellant relies. There are enough affirmative actions here to support a finding that the appellant had guilty knowledge. United States v. Slaughter, 7 Cir., 1958, 255 F.2d 770, 771, and cases there cited.

The judgment of the District Court is affirmed.

Affirmed.