**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Wiley Rufus WARD et al.,
Defendants-Appellants.**

**No. 76–2418.**

United States Court of Appeals,
Fifth Circuit.

May 13, 1977.

---

Richard Smoak, Panama City, Fla. (Court-appointed), for W. Ward.

Richard Wayne Grant, Marianna, Fla. (Court-appointed), for A. Ward.

James C. Husbands, Lynn Haven, Fla. (Court-appointed), for L. Ward.

Scott R. Nabors, Panama City, Fla., for Al Lamar Ward and Colon Ward.

W. Fred Turner, Lynn Haven, Fla., for defendants-appellants.

Nicholas P. Geeker, U. S. Atty., Emory O. Williams, Jr., Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before JONES, COLEMAN and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

The appellants, all members of the same family,[1] were charged in a multi-count indictment with receiving freight and vehicles stolen from interstate commerce and with conspiring to commit those offenses.[2] They were convicted on several counts. In this appeal, they question the sufficiency of the evidence, the trial court's treatment of certain hearsay evidence, and the propriety of some comments made by the prosecutor in closing argument.

I

Viewed in the light most favorable to the verdict,[3] the evidence adduced at trial disclosed that the appellants were engaged in receiving, leasing and selling trucks, tractors, bulldozers and other heavy equipment stolen from interstate commerce. While appellants argue that the evidence failed to show they actually possessed these vehicles or knew they were stolen, the evidence refutes these contentions. Numerous vehicles were shown to have been hidden on or near property owned or leased by the Wards in rural Washington County, located in the Florida Panhandle. In an adjacent wooded area was a building equipped with a paint sprayer, sanders and other equipment which one might use in repainting vehicles and changing serial numbers. In fact, many of the vehicles found on Ward properties had altered serial numbers, and the license plates had been changed. On one occasion

1. Three of the appellants are brothers and the other two are sons of two of the brothers. Three other individuals, including a sixth member of the Ward family, were indicted along with the appellants but were acquitted.

2. 18 U.S.C. §§ 371, 659 & 2313 (1970).

3. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942).

Colon and Wiley Ward had even been observed changing the license plates on a stolen vehicle. On another occasion, Luke, Al Lamar and Colon Ward were involved in guarding the family camp situated on Colon Ward's property, and they actually ran off a state investigator who had their activities under surveillance. Finally, it was shown that some of the vehicles had been sold at prices substantially below the market. In light of all this evidence, and having carefully reviewed the proof applicable to each count, we find that as to each appellant the evidence, was more than sufficient to support a conviction.

## II

The first four counts of the indictment involved three Massey Ferguson tractors which were allegedly stolen from a shipment of five tractors bound from the manufacturer in Detroit, Michigan, to buyers in Missouri and Arkansas. To prove that these vehicles were stolen while in interstate transit the Government relied on three witnesses. The first was the manufacturer's distribution coordinator who identified the tractors as part of a shipment sent on October 9, 1974, to buyers in Missouri and Arkansas via Diamond Transportation Company. This witness was followed by the Vice President of Diamond Transportation Company, who acknowledged his company's receipt of the tractors on October 9 and stated that they had been dispatched by a truck driven by one John Hardy on October 11, 1974. The company records indicated that the shipment was lost

in route and was never delivered to the buyers. The third witness was Agent Carr of the Federal Bureau of Investigation, who was called to relate the contents of an interview he had had with the driver, Hardy, on October 15, 1974, in Cordova, Alabama. At the time of trial Hardy was a fugitive and consequently unavailable as a witness.[4] Over appellants' hearsay objection, Agent Carr testified that, in Hardy's words, the truck with the Massey Ferguson tractors had been stolen on the night of October 14 from a truck stop in Muscle Shoals, Alabama. Hardy had stopped there for the night while en route to the shipment's destination. He had planned to spend that weekend in Cordova with his new wife and had received his employer's permission to do so. Hardy also told the agent that he had reported the theft to the manager of the truck stop, the highway patrol and his employer.

The trial court admitted the agent's testimony on the theory that it fell within the exception to the hearsay rule created by Rule 804(b)(5) of the Federal Rules of Evidence.[5] Appellants claim that the exception is inapplicable in this case, however, because the hearsay statement does not meet Rule 804(b)(5)'s threshold requirement of "having equivalent circumstantial guarantees of trustworthiness." [6] They submit that the statement was inherently unreliable because it was self-serving, for Hardy had to explain the disappearance of the truck in a manner which would not implicate him in any wrongdoing.

---

4. Prior to the trial of this case Hardy was arrested on an unrelated state charge. He was committed to custody but subsequently escaped.

5. Rule 804(b) provides in part:
 *Hearsay exceptions.*—The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

 . . . . .

 (5) *Other exceptions.*—A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for

which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

6. See note 5 *supra.*

To be sure, Hardy may have considered it expedient to conjure up a story consistent with innocence. But we cannot ignore the fact that his statement is strongly corroborated by a number of factors which, we are convinced, supply "equivalent circumstantial guarantees of trustworthiness." Foremost among the corroborating factors is the testimony of the first two witnesses which clearly established that the tractors in question were dispatched by truck from Detroit to buyers in Missouri and Arkansas and shortly thereafter disappeared. This proof alone may be sufficient to show that the property was stolen. *See, e. g., Nakutin v. United States,* 8 F.2d 491 (7th Cir. 1925), cert. denied, 269 U.S. 585, 46 S.Ct. 201, 70 L.Ed. 425 (1926). The unexplained reappearance of these tractors several months later in the Florida Panhandle strengthens this inference. The reliability of Hardy's statement was reinforced further by the investigation Agent Carr conducted following the interview. He found that all the details of Hardy's statement, including the places he said he had been while en route, checked out, and nothing was uncovered to refute his version of the events. In sum, whatever measure of untrustworthiness we might give a self-serving statement in determining its admissibility under Rule 804(b)(5), we conclude that under the circumstances of this case a sufficient demonstration of trustworthiness was made to satisfy the rule's threshold requirement.

### III

In his summation the prosecutor made the following statement:

. . . I further anticipate that the Court will charge you that a person who had possession of property recently stolen in one state and has possession of it in another state, there are certain inferences that may be drawn from his possession of recently stolen property, and unless it is satisfactorily explained to you from the evidence that he had no knowledge. Now, here's a man out there with a brand new Massey Ferguson Tractor that cost over four thousand dollars, over forty

five hundred dollars, selling it for two thousand dollars. *Now, where did he get it? Well only he knows where he got it. We don't know. I don't know where he got it. You don't know where he got it.* But you will be instructed . . . (Emphasis added.)

Appellants objected and moved for a mistrial. The motion was denied, but the court cautioned the prosecutor in the presence of the jury to exercise extreme care in developing his argument. Appellants now claim that the prosecutor's statement amounted to improper comment on their failure to testify and that their convictions must therefore be reversed.

The test to be applied when it is claimed that a prosecutor has impermissibly commented on a defendant's silence is whether or not "it can be said that the prosecutor's manifest intention was to comment upon the accused's failure to testify [or] was . . . of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Samuels v. United States,* 398 F.2d 964, 968 (5th Cir. 1968), cert. denied, 393 U.S. 1021, 89 S.Ct. 630, 21 L.Ed.2d 566 (1969); *United States v. White,* 444 F.2d 1274, 1278 (5th Cir. 1971). Here, as in *Samuels* and *White,* we conclude that appellants have failed to satisfy either of these tests. Rather than being manifestly intended to call the appellants' silence to the jury's attention, we think the prosecutor was more likely referring to the fact that appellants presented no evidence of any kind in this case to rebut the inference of knowledge that naturally follows from the possession of recently stolen property. *See, e. g., United States v. Payne,* 467 F.2d 828 (5th Cir. 1972), cert. denied, 410 U.S. 912, 93 S.Ct. 975, 35 L.Ed.2d 275 (1973); *Pilgrim v. United States,* 266 F.2d 486 (5th Cir. 1959); *Yielding v. United States,* 173 F.2d 46 (5th Cir. 1949). Moreover, we think the jury would quite reasonably construe the prosecutor's remark as a reference to appellants' failure to rebut this natural inference rather than as a comment necessarily directed at their silence. We thus con-

clude that the Government's closing argument is free of reversible error.

AFFIRMED.