UNITED STATES of America, Appellee,

v.

George LAVOIE, Defendant, Appellant.

No. 83–1289.

United States Court of Appeals,
First Circuit.

Argued Oct. 6, 1983.

Decided Nov. 23, 1983.

Certiorari Denied Feb. 27, 1984.
See 104 S.Ct. 1424.

Robert Mann, Providence, R.I., by appointment of the Court, with whom Robert B. Mann Law Office, Providence, R.I., was on brief, for defendant, appellant.

James E. O'Neil, Asst. U.S. Atty., Providence, R.I., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for appellee.

Before CAMPBELL, Chief Judge, GIBSON,* Senior Circuit Judge, and COFFIN, Circuit Judge.

COFFIN, *Circuit Judge.*

George Lavoie appeals from his conviction of one count of knowing possession of stolen goods moving in interstate commerce. 18 U.S.C. § 2313. Lavoie possessed a 28-foot self-contained recreational vehicle (mobile home) in Rhode Island and Connecticut on July 12, 1981, the same day in which the vehicle had been stolen from its sales lot in Massachusetts. The only issue at trial was whether Lavoie knew that the vehicle was stolen. The defense maintained that Tommy Serapiglia, a friend in the auto sales and auto salvage business, had loaned

* Of the Eighth Circuit, sitting by designation.

Lavoie the mobile home. Serapiglia died before trial. On July 12, Lavoie and others commenced a round-trip journey in the mobile home to California. He then stored the vehicle in the driveway outside his sister's house. Lavoie raises five issues on appeal. We affirm.

### 1. Prosecutor's comment

Lavoie's first contention focuses on what he perceived as a reference in the prosecutor's closing argument to Lavoie's failure to testify. The prosecutor commented to the jury in his closing rebuttal argument, "... you might ask yourself what has Mr. Lavoie put between himself and the truth? And —" The trial judge then interrupted and admonished the prosecutor, "Just a moment .... Mr. Lavoie doesn't have to do anything. The entire burden of proving the case rests upon the United States government. Mr. Lavoie doesn't have to prove anything. He doesn't have to disprove anything." Defense counsel did not object or move for a dismissal or a mistrial, but now suggests to this court that the prosecutor's comment impermissibly invited the jury to draw an adverse inference from Lavoie's silence during trial.

We find Lavoie's interpretation untenable. The prosecutor's comment seems directed at the implausibility of the defense theory of how Lavoie came into possession of the recreational vehicle, not at trying to draw attention to Lavoie's failure to testify. *United States v. Ward,* 552 F.2d 1080 (5th Cir.), *cert. denied,* 434 U.S. 850, 98 S.Ct. 161, 54 L.Ed.2d 119 (1977), involved a similar remark in a prosecution for similar activity under the same statute. The court held that the prosecutor's comment in summation that the defendant, but not the jury, knew where the defendant had gotten a stolen tractor would reasonably be construed by the jury as a reference to defendant's failure to rebut the natural inference arising from defendant's possession of the recently stolen tractor rather than as a comment directed at defendant's failure to testify. 552 F.2d at 1083–84.

In the case at bar, the prosecutor's closing rebuttal argument focused on the gaps in the defendant's version of how he came to possess a stolen vehicle on the day it was stolen in another state. Given the evidence before the court, the prosecutor quite expectedly and reasonably sought to draw attention to defendant's failure to rebut the legitimate inference of guilty knowledge.

The trial judge's response to the prosecutor's remark indicates that the judge believed that the remark was addressed not to defendant's failure to take the witness stand, but rather to the allocation of the burden of proof. The judge explicitly censured the prosecutor and immediately and clearly provided the jury with a curative instruction on the burden of proof in a criminal trial. Later, in his instructions to the jury, the judge emphatically told the jurors not to discuss and not to draw any inferences from Lavoie's exercise of his constitutional right not to testify.

The comment itself, the court's response, and the defendant's failure to object or to move for a dismissal or new trial indicate that the prosecutor's remark did not refer to the defendant's failure to testify. We do not believe that a reasonable juror could have construed the prosecutor's statement as a comment on Lavoie's silence at trial. *See United States v. Savarese,* 649 F.2d 83, 87 (1st Cir.1981). As such, the challenged statement does not violate this circuit's proscription on even indirect prosecutorial comment on a defendant's failure to testify. *Cf. United States v. Flannery,* 451 F.2d 880, 882 (1st Cir.1971) (prosecutor's reference to "uncontradicted" government testimony impermissible, when "contradiction" would have required defendant to take the stand).

This court has not ruled improper prosecutorial comments that have come closer than the comment in this case to implicating a defendant's Fifth Amendment right. *Cf. United States v. Babbitt,* 683 F.2d 21, 23–24 (1st Cir.1982) ("While you search out the truth you may wish to ask yourself, 'Who has appeared before me in the form of a witness?'") (emphasis deleted); *United States v. Savarese,* 649 F.2d at 86 ("ask yourselves why is [defendant's] mother the only corroboration of the existence of [the person from whom defendant allegedly had received stolen money orders]"). Once again, however, as in *Babbitt,* we have been

presented with a colorable issue on appeal that could have been avoided by a heightened sensitivity to the explosive potential of comments intended to characterize the quality of defense evidence that may all too easily be understood as directed to quantity and, more particularly, to the absence of testimony from a defendant. The wary prosecutor plans his closing argument much as a sapper approaches a minefield.

### 2. Instructions on inference from recent possession

Lavoie next argues that the trial judge erred in its charge to the jury concerning the inference that could be drawn from defendant's possession of a recently stolen vehicle. Lavoie challenges both the placement and the substance of the charge. Near the end of his charge,[1] the judge instructed the jury:

> "I instruct you that possession of property recently stolen if not satisfactorily explained, is ordinarily a circumstance from which the jury may reasonably draw the inference and find in light of surrounding circumstances shown by the evidence in the case that the person in possession knew the property had been stolen."

At trial, the defendant specifically objected to the placement of the instruction close to the end of the judge's charge. Defendant faults this placement by arguing essentially that jurors will focus on the last thing that they hear in court.

■ Whatever empirical support may exist for such a hypothesis, it has nowhere received judicial endorsement. A reviewing court should not evaluate a single instruction in isolation, but rather should evaluate the instruction in the context of the overall charge. *See Cupp v. Naughten,* 414 U.S. 141, 146–47, 94 S.Ct. 396, 400–401, 38 L.Ed.2d 368 (1973); *United States v. Morris,* 700 F.2d 427, 433 (1st Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 2128, 77 L.Ed.2d 1306 (1983). This brings us to defendant's attack on the substance of this element of the court's charge.

Lavoie argues that the court erred by failing to give a separate instruction that "if the explanation of possession offered by the defendant were believed, it would be sufficient to overcome an adverse inference emanating from the possession of recently stolen property." The government argues that Lavoie failed to preserve his objection to the court's charge on this issue. The trial transcript reveals that defense counsel presented some three reasons for objecting to the district court's charge concerning the inference of guilty knowledge arising from possession of a recently stolen vehicle. To the extent that defense counsel's reasons were sufficiently specific, they claimed more than the law would permit. To the extent that they accurately represented the law, they were too general. However, we assume for the purposes of this appeal that defendant objected with sufficient specificity to preserve his challenge. *See Freije v. United States,* 386 F.2d 408, 411 (1st Cir. 1967), *cert. denied,* 396 U.S. 859, 90 S.Ct. 137, 24 L.Ed.2d 111 (1969); Fed.R.Crim.P. 30. However, we cannot agree with his challenge.

■ In a charge that filled eighteen transcript pages, the judge spoke one sentence concerning the inference that could be drawn from possession of a recently stolen vehicle. And immediately prior to that sentence, the judge had instructed the jury:

> "Under our law a defendant is entitled to every inference in his favor which can reasonably be drawn from the evidence. And where two inferences may be drawn from the same facts, one of the inferences would be consistent with guilt and one of the inferences would be consistent with innocence, the defendant is entitled to the inference which is consistent with his innocence."

Given this instruction concerning permissible inferences and given the balanced nature of the overall charge, we find no error in the trial court's failure to use the precise language that defendant has told this court he would have preferred. *Cf. United States v. Fusaro,* 708 F.2d 17, 22 (1st Cir.1983)

---

1. Although defendant suggests that the quoted excerpt was the last thing the jurors heard, the transcript of the judge's charge extends for two and a half pages beyond this item. The jurors thus did not begin their deliberations with the "possession" inference ringing in their ears.

(quoting *United States v. Newson,* 531 F.2d 979, 982–83 (10th Cir.1976)) (" 'the trial court is not bound to give instructions in the form and language requested, and ... if the instructions as given are correct and cover the issues of the case, the judgment will not be disturbed' "), *cert. denied,* —— U.S. ——, 104 S.Ct. 524, 78 L.Ed.2d 708 (1983).

To support his argument that the trial judge should have given a specific instruction on the defense theory of the case, defendant seeks to place himself within the protection of this court's ruling in *Freije.* In that case, defendants Freije and Sarno denied that they had sold stolen cars with guilty knowledge. Defendants possessed the cars in the normal course of their work as employees of an auto sales business. The trial judge instructed the jury concerning possession of recently stolen property, but did not separately instruct the jury concerning defendants' explanation. This court set aside the convictions, holding that defendants were entitled to a separate instruction, because the "possession of recently stolen property" doctrine holds less force "where an employee sells merchandise for a company doing public business." *Freije,* 386 F.2d at 410 (citation omitted). The court held that under the circumstances, defendants were entitled to an additional instruction that the defendants' explanation, if believed, would negate any inference that might arise from possession. *Id.* at 411.

■ The *Freije* holding is inapposite here. Lavoie was not the employee of a business that routinely sold the item that Lavoie possessed. Lavoie was self-employed, apparently in the auto body repair business. Lavoie therefore could not claim, as had the defendants in *Freije,* that he was the innocent dupe in his employer's scam. Moreover, Lavoie's explanation of possession did not relate to his business. He instead maintained that a friend had loaned him the mobile home. Defendant presented no evidence to indicate that his possession of a mobile home in Rhode Island and Connecticut while en route to California was in any way related to his business of auto body repair. *See United States v. Brawer,*

482 F.2d 117, 129–30 (2d Cir.1973) (*Freije* instruction not necessary where defendant's explanation of possession was unrelated to his occupation and was not credible), *cert. denied,* 419 U.S. 1051, 95 S.Ct. 628, 42 L.Ed.2d 646 (1974). *Freije* notwithstanding, we find no defect in the trial court's standard charge regarding the inference to be drawn from possession of a recently stolen vehicle.

Given that we have assumed that defense counsel preserved defendant's challenge to the trial judge's charge on this inference, defendant's argument that he was denied effective assistance of counsel by his attorney's failure to preserve this issue does not apply.

Finally, we affirm the district court's denial of defendant's motion for a new trial. Lavoie has not shown that his conviction was a miscarriage of justice. The evidence presented at trial amply supports the jury's verdict.

*Affirmed.*